for where an execution is levied upon a joint interest, the owners of the balance of the interest in the property may give a bond to re-deliver the property at the day of sale, and the sale can go on, and in the meantime the property will be in the hands of the other owners, and be used for its particular purposes, and when the day of sale comes around, to deliver it to the purchaser in any necessary form that may be required in order to make a valid sale; but when a vessel is seized by the marshal, it can only be released upon the claimants of the vessel making a stipulation that they will pay the amount of the decree that may be rendered in the proceedings in rem against the vessel. There is no process for the return of the vessel. The proceeding would have to be against the stipulator in the stipulation, and it is not against the vessel at all after it is bonded. This view of the matter makes a levy on a judgment entirely different from the seizure of a vessel itself.

In the next place, if these joint owners would enter into a stipulation to pay the amount of the decree, they would be compelled to pay the debt of the other joint owners, and in every view that can be taken of the machinery which is necessary to be used in proceedings in rem against vessels it will be found that it cannot be put into operation practically, so as to work out right and justice between the joint owners. That is the reason, no doubt, that in all the law and practice of admiralty, no such case has ever occurred in which a joint owner's interest of this kind was seized in rem.

For these reasons I am clearly of the opinion that these proceedings are not authorized in the admiralty law.

The exceptions will be sustained and the bill will be dismissed.

---

## Case No. 9,022.

MANHATTAN FIRE INS. CO. v. WEILL.

[See 28 Grat. 389.]

---

## Case No. 9,023.

MANHATTAN GAS-LIGHT CO. v. MAX-WELL.

[2 Blatchf. 405.] 1

Circuit Court, S. D. New York.   July 1, 1852.

CUSTOMS DUTIES — APPRAISEMENT — EXCESS OF QUANTITY—PENALTY—FEES OF WEIGHER.

1. A quantity of coal was invoiced and entered at a certain weight and price per ton. On appraisement, the price per ton was reported to be correct, but the quantity was reported as so much greater as to make the entire valuation greater by 10 per cent. than the entry valuation. The collector exacted a penalty of 20 per cent., under section 8 of the act of July 30, 1846 (9 Stat. 43). Held, that this was illegal.

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

2. The importer was not liable, in such case, under section 4 of the act of July 30, 1846 (9 Stat. 43), to pay the fees of the weigher and measurer.

This suit was commenced in the supreme court of New York, and removed by certiorari, on the petition of the defendant [Hugh Maxwell], into this court, under the provisions of the 3d section of the act of congress of March 2, 1833 (4 Stat. 633). The plaintiffs imported from Liverpool a quantity of cannel coal, invoiced and entered as of the weight of 150 tons. It was measured by the custom-house measurers, who returned the quantity to be 167 tons. No appeal was taken by the plaintiffs from that return, and duty was accordingly imposed on 167 tons, and was paid by the importers. The value of the increased quantity of the coal was greater, by more than ten per cent., than the entry valuation, and a penalty of 20 per cent., amounting to $99.60, was imposed by the collector because of such undervaluation. The measurers' fees, $49.50, were also charged to the plaintiffs. Payment of the two last mentioned sums was exacted by the collector, and was made by the plaintiffs under protest. To recover these amounts, $149.10, with interest, this action was brought. The plaintiffs endorsed on the entry a protest in writing "against the payment of the within named penalty of $99.60, and of $49.50 for measuring, as being both illegal and contrary to the former practice in this collection district."

The case was tried in November, 1851, before BETTS, J., and the jury rendered a verdict for the plaintiffs for $150, subject to the opinion of the court on a case to be made and to adjustment or correction at the custom-house.

John S. McCulloh, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The defendant takes no exception to the sufficiency of the protest in this case, and the decision must turn on the points whether the undervaluation reported by the appraisers in respect to the coal subjects it to the penalty of 20 per cent. imposed, and whether the importers were liable to pay the measurers' fees charged against them.

The price per ton of the coal, as stated in the invoice, was reported to be correct. The difference between the valuation in the entry and that reported by the appraisers arose from the greater weight returned by the custom-house weighers.

Cannel coal is sold in England by actual weight, the weight being taken with great care. In the United States, it is delivered from the ship, and sold by the chaldron, and the custom house method of determining the weight of a cargo is to reduce the measured chaldron to tons and pounds, by taking the